# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Charles Foy,

    Petitioner,

Case No. 1:12cr126-7

v.

Judge Michael R. Barrett

United States of America,

    Respondent.

## ORDER

This matter is before the Court on Petitioner Charles Foy's Motion to Vacate under 28 U.S.C. 2255. (Doc. 208).

Petitioner was arrested and indicted on various counts related to trafficking in heroin and firearms violations. On April 8, 2013, Petitioner plead guilty to Count 1 of the indictment – conspiracy to distribute narcotics. The parties agreed to a term of 72 months imprisonment, which the Court imposed on August 28, 2013. Judgment was entered on September 11, 2013. (Doc. 180). Petitioner did not appeal.

A prisoner seeking relief under 28 U.S.C. § 2255 must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)).

The United States argues Petitioner's motion should be denied as time-barred. The Court agrees.

A one-year period of limitations applies to Section 2255 Motions. That period typically runs from "the date on which the judgment of conviction becomes final[.]" *See* 28 U.S.C. § 2255(f)(1). However, it can also run from the latest of three different events, among them, "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" *Id.* § 2255(f)(3).

There is no question that Petitioner's motion is untimely under subsection (f)(1). Petitioner did not file the instant motion until August 15, 2016 – almost three years after the judgment of conviction became final.

Nevertheless, Petitioner argues that he should be granted relief pursuant to a recent amendment to the sentencing guidelines found to be retroactive. Specifically, he contends he should be granted relief because he qualifies for a "minor role reduction." (Doc. 208, PageID 557). Thus, Petitioner appears to argue that because the aforementioned amendment was not found to be retroactive pursuant to *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016) until May 17, 2016, his motion is timely under subsection f(3). Unfortunately for Petitioner, subsection f(3) provides no safe haven.

To take advantage of the savings clause provided under subsection f(3), two elements must be satisfied. First, the Supreme Court must issue a new rule of law and, second, declare that rule to be retroactive. *See Tyler v. Cain*, 533 U.S. 656, 663 (2001) ("We thus conclude that a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive").

In *Quintero-Leyva*, the case upon which Petitioner relies, the Ninth Circuit held that

2

the recent amendment to U.S.S.G. § 3B1.2—Amendment 794—applies retroactively to *direct appeals*. *Id.* at 523. The Sixth Circuit adopted this reasoning in *United States v. Carter*, 662 Fed.Appx. 342 (6th Cir. 2016), holding that the amendment governing reduction to the base offense levels due to being a minor participant applies retroactively.

The Ninth Circuit in *Quintero-Leyva*, however, did not hold that Amendment 794 retroactively applies to collateral review. Indeed no court, let alone the Supreme Court, has held Amendment 794 retroactively applies to collateral review. *See Aguas-Landaverde v. United States*, No. 2:16-cv-00864, 2016 WL 5341799, *2 (S.D. Ohio Sept. 23, 2016) (citations omitted). This case is not a direct appeal and thus, Petitioner's reliance is misplaced. Accordingly, Petitioner's motion is time-barred and is **DENIED**.

**IT IS SO ORDERED.**

                                                s/ *Michael R. Barrett*
                                                Michael R. Barrett
                                                United States District Judge